UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
CLINTON KERSHAW,                              )
                                              )
            Plaintiff,                        )
                                              )
      v.                                      )     Civil Action No.
                                              )
                                              )     **JUDGE:**
MATTHEW WARD,                                 )
                                              )
            Defendant.                        )
------------------------------------------------------------X

## COMPLAINT

The Plaintiff, CLINTON KERSHAW (hereinafter the "Plaintiff"), by and through His attorneys, THE LAW OFFICE OF WILLIAM FRAME, as and for his Complaint against the Defendant, MATTHEW WARD (hereinafter the "Defendant"), alleges the following:

## THE PARTIES

1. At all times hereinafter mentioned, the Plaintiff was and still is a resident of the Commonwealth of Massachusetts.

2. At all times hereinafter mentioned, upon information and belief, the Defendant was and still is a resident of the State of New York.

3. At all times hereinafter mentioned, the Plaintiff owned and operated a plumbing company with its principal place of business in Pleasant Valley, New York.

4. At all times hereinafter mentioned, upon information and belief, the Defendant did and still does operate a plumbing business in the State of New York.

## JURISDICTION AND VENUE

5. This is an action for breach of contract and unjust enrichment under the laws of the State of New York.

6. This Court has original jurisdiction over the Plaintiff's causes of action pursuant to 28 U.S.C. §1332 as there is complete diversity of jurisdiction and the matter in controversy exceeds $75,000.00.

7. This Court has supplemental jurisdiction over the Plaintiff's causes of action arising under New York State statutory and common law pursuant to 28 U.S.C. §1367(a).

8. Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(1) because a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

## FACTUAL SUMMARY

9. In or about April 2020, the Plaintiff owned and operated a plumbing company in Pleasant Valley, New York.

10. In or about April 2020, the Plaintiff owned real property located at 73-75 West Road, Pleasant Valley, New York 12569 (hereinafter the "Property").

11. In or about April 2020, the Plaintiff's principal place of business was located at the Property.

12. In or about April 2020, the Plaintiff started experiencing serious medical issues, which made it difficult for him to operate his plumbing company.

13. In or about April 2020, as a result of the aforementioned medical issues, the Plaintiff decided to sell the Property as well as his plumbing company.

14. In or about April 2020, the Plaintiff and the Defendant had several communications about the Defendant buying the Property and the Plaintiff's plumbing company.

15. At the time, upon information and belief, the Defendant operated a similar plumbing company in or around Albany, New York.

16. In or about April 2020, the Defendant visited the Property and met with the Plaintiff to discuss the purchase of the Plaintiff's plumbing company as well as the Property.

17. On or about April 14, 2020, the Plaintiff and the Defendant entered into an agreement, under which the Plaintiff agreed to sell all of the assets of his plumbing company to the Defendant (hereinafter the "Agreement"). A copy of the Agreement is annexed hereto as **Exhibit A**.

18. Pursuant to the Agreement, the Plaintiff agreed to transfer to the Defendant all plumbing equipment, phone numbers, company data, websites, marketing accounts, customer lists, and good will of the Plaintiff's plumbing company. See, **Exhibit A**.

19. Pursuant to the Agreement, the Plaintiff also agreed to allow the Defendant to use all of the Plaintiff's plumbing licenses throughout the Hudson Valley and Westchester County. See, **Exhibit A**.

20. Pursuant to the Agreement, the Defendant agreed to pay the Plaintiff the sum of $84,000.00 as consideration for the purchase of the assets of the Plaintiff's plumbing company as well as the use of the Plaintiff's plumbing licenses. See, **Exhibit A**.

21. Pursuant to the Agreement, the Defendant agreed to purchase a vehicle for the Plaintiff, and pay for all expense of said vehicle, as additional consideration for the purchase of the assets of the Plaintiff's plumbing company as well as the use of the Plaintiff's plumbing licenses. See, **Exhibit A**.

22. Pursuant to the Agreement, the Defendant agreed to purchase a cell phone and iPad, and pay for all expense of said devices, as additional consideration for the purchase of the assets of the Plaintiff's plumbing company as well as the use of the Plaintiff's plumbing licenses. See, **Exhibit A**.

23. In or about April 2020, the Defendant rented the Property from the Plaintiff and started operations of the Plaintiff's plumbing company pursuant to the Agreement.

24. The Plaintiff fully performed his obligations pursuant to the terms of the Agreement by transferring all of the assets of his plumbing company to the Defendant and allowed the Defendant to use all of his plumbing licenses.

25. The Defendant made one (1) payment towards the purchase price of the Agreement and then defaulted leaving a balance of approximately $77,000.00.

26. The Defendant has not made any subsequent payments towards the purchase price of the Agreement despite his obligations under the Agreement and despite due demand.

26. The Defendant failed to purchase a vehicle for the Plaintiff, and pay for all expense of said vehicle, despite his obligations under the Agreement and despite due demand.

27. The Defendant failed to purchase a cell phone and iPad, and pay for all expense of said devices, despite his obligations under the Agreement and despite due demand.

28. Nevertheless, the Plaintiff fully performed his obligations under the Agreement.

29. As a result of the foregoing, the Defendant breached the Agreement.

30. The total value of the remaining balance owed under the Agreement, together with the value of the items to be purchased for the Plaintiff under the Agreement, is $167,000.00.

31. Therefore, the Defendant owes the Plaintiff the amount of $167,000.00 pursuant to the terms of the Agreement.

**AS AND FOR THE PLAINTIFF'S CLAIM FOR BREACH OF CONTRACT**

32. The Plaintiff repeats and realleges the allegations set forth in Paragraphs "1" through "31" above as if same were fully set forth at length herein.

33. Based upon the foregoing, the Defendant breached the Agreement.

34. As a result of the Defendant's breach of the Agreement, the Plaintiff has been damaged in the amount of $167,000.00.

35. Based upon the foregoing, the Plaintiff is entitled to a judgment against the Defendant in the amount of $167,000.00 together with interest thereon.

**AS AND FOR THE PLAINTIFF'S CLAIM FOR UNJUST ENRICHMENT**

36. The Plaintiff repeats and realleges the allegations set forth in Paragraphs "1" through "35" above as if same were fully set forth at length herein.

37. Based upon the foregoing, the Defendant was enriched at the Plaintiff's expense.

38. Equity and good conscience require restitution to the Plaintiff.

39. Based upon the foregoing, the Defendant has been unjustly enriched.

40. As a result of this unjust enrichment, the Plaintiff has been damaged in the amount of $167,000.00.

41. Based upon the foregoing, the Plaintiff is entitled to a judgment against the Defendant in the amount of $167,000.00 together with interest thereon.

**DEMAND FOR JURY TRIAL**

42. The Plaintiff hereby demands a jury trial.

**WHEREFORE**, the Plaintiff demands judgment against the Defendants in the sum of $167,000.00, together with interest thereon, as well as such other and further relief as this Court deems just and proper.

Dated: Middletown, New York
April 1, 2023

Yours, etc.

**LAW OFFICE OF WILLIAM FRAME**

*William W. Frame*

By: _____
William W. Frame (WF9371)
Attorneys for Plaintiff
2 Chancery Mews
Middletown, NY 10940
Tel. No. (330) 212-0867
williamframelaw@gmail.com

**EXHIBIT A**

Agreement between Matthew Ward and Clinton Kershaw for the purchase of all of the assets of Rooter Plumbing Hudson Valley Inc. DBA Call Clint Plumbing & Septic Services.

Assets include all equipment and, is not limited to, listed on the list labeled clintmatt42020, attached.

All phone numbers with Service Titan, Verizon, Frontier.

All URL's associated with the business and others.

Google Adwords account.

All company email addresses.

All data in Service Titan.

Customer list and Goodwill.

All marketing accounts.

Permaliner equipment, drum, inversion heads (4), gas-powered air compressor. Gas-powered cut-off saw stehl, and small cable machine (spartan 81's), 6 in question.

_____
Clinton Kershaw

Date: 4.14.2020

Notary

_____
Matthew Ward

Date: 4.14.2020

Notary

Melissa A. Torres

4/14/2020

MELISSA A. TORRES
Notary Public, State of New York
Reg. No. 01TO6325533
Qualified in Orange County
Commission Expires 05/26/2023

# Agreement for use of Licenses.

Clinton C Kershaw will allow _Matthew Ward_ ~~the~~ to use of all licenses that he currently holds for the purpose of running _Call Clint Plumbing &amp; Septic Services_, and any other business, all referred to as USER.

The term of this agreement is for 5 years from _4.14.2020_

The agreement can be extended for any length and terms with the written approval of all parties. The extension(s) will be attached to this agreement upon execution.

The licenses included in this agreement are -

| | |
|---|---|
| Licensed Master Plumber | City of Kingston |
| Licensed Master Plumber | City of Poughkeepsie |
| Licensed Master Plumber | City of Beacon |
| Licensed Master Plumber | Town of Poughkeepsie |
| Licensed Master Plumber | County of Putnam |
| Licensed Master Plumber | County of Westchester |
| Licensed Master Plumber | County of Rockland |
| Licensed Master Plumber | Town of Spring Valley |
| Septic Collectors License | Westchester County |
| DEC Water Well License | New York State |
| Septic Installers License | Westchester County |
| Septic Installers License | Putnam County |

**CHECK LIST - Home Improvement, Septic pumping, Gas, Oil, etc.**

USER agrees to insure and protect Clinton C Kershaw against any and all liability(s) and lawsuits. USER agrees to defend Clinton C Kershaw to the best of its ability in all matters. USER agrees to have Clinton C Kershaw listed as insured on all insurance policies with a minimum of $5,000,000 per incident coverage. Proof of Insurance will be provided annually upon renewal to Clinton.
USER agrees to provide a car, of Clinton's choosing.
USER agrees to provide a cell phone, of Clinton's choosing.
USER agrees to provide a pad, of Clinton's choosing.
USER agrees to provide unlimited calling and data for the cell phone and the pad.
USER agrees to pay for all car expenses, cell phone expenses, and pad expenses for the term of this agreement. Including new upon Clinton's request.

1

USER agrees that the car will be in Clinton's name, registered and insured in Massachusetts also in Clinton's name.
USER agrees the car, phone, and pad will be Clinton's property at the end of this agreement.
USER understands that if the USER does anything that causes revoking or suspension of any of the licenses that this agreement stays in full force for its entire term.

Clinton will do everything that is needed to maintain the licenses. If travel is required and/or a municipality requires his personal visit all travel expenses will be paid for by the USER. Car, Fuel, Flights, Hotel, Meals, Gym, and all miscellaneous expenses. He will not be compensated for his time.

All obligations of this agreement are guaranteed by the company and personally by all of the owners of the corporation. Any changes in ownership must be communicated to Clinton before transfer and the new owner must sign the agreement with his or her personal guarantee.

For this to work Clinton must be an officer of the corporation. He will hold an office, CLO, Chief Licensing Officer, and will not attend any board meetings or have any say in the workings of running of the business.

USER will provide Clinton with a credit card to use only for the car, phone, and travel expenses.

USER agrees to pay Clinton $10,500.00 per calendar quarter starting 90 days from __4.14.2020__ for 8 payments totalling $84,000. The Calculation is $75,000 * 6% annual interest = $4,500. $75,000+$4,500+$4,500=$84,000.

Any default will result in immediate termination of use of the licenses but not the agreement. The agreement will stay in full force as agreed.

All written correspondence using the USPS will be sent to -
    Clinton C Kershaw
    █████████
    North Truro MA 02652

All packages using FedEx, UPS, and all package services will be sent to -
    Clinton C Kershaw
    █████████
    North Truro MA 02652

2

Signature pages for Agreement for use of Licenses.

_____   4.14.2020
Clinton C Kershaw                                       Date

State of New York
County of Dutchess

This instrument was acknowledged before me on ____14th 4/14/2020____ (date) by

____Clinton Kershaw____ (name of person or persons acknowledging)

_____   5/26/2023
Signature of Notary Public                          Commission Expires

MELISSA A. TORRES
Notary Public, State of New York
Reg. No. 01TO6325533
Qualified in Orange County
Commission Expires 05/26/2023

_____   4.14.2020.
Matthew Ward                                            Date
State of New York
County of Dutchess

This instrument was acknowledged before me on ____4/14/2020____ (date) by
____Matthew Ward____ (name of officer), _____ (title of officer),
of _____ (name of acknowledging), a New York
Corporation, on behalf of said corporation.

_____   5/26/2023
Signature of Notary Public                          Commission Expires

State of New York
County of Dutchess

3

## PERSONAL GUARANTEE

**THIS GUARANTEE** (the "Guarantee") dated this 14th day of April 2020

**BETWEEN:**

Matthew Ward of

_____

(the "Guarantor")

**OF THE FIRST PART**

- AND -

Clinton Kershaw of PO Box 909 North Truro MA 02652

(the "Lender")

**OF THE SECOND PART**

- AND -

Matthew Ward

(the "Debtor")

**OF THE THIRD PART**

**IN CONSIDERATION OF** good and valuable consideration, and any future credit that the Lender may extend from time to time to the Debtor, the receipt and sufficiency of which is hereby acknowledged, the Guarantor personally guarantees the prompt, full and complete performance of any and all existing duties and obligations of the Debtor to the Lender and

4

the payment of any and all indebtedness due to the Lender by the Debtor, under the terms of certain debt agreements (the "Agreement"), and the following terms and conditions:

1. The Guarantor guarantees that the Debtor will promptly pay the full amount of principal and interest of the debt under the Agreement (the "Debt") as and when the same will in any manner be or become due, either according to the terms and conditions provided by the Agreement or upon acceleration of the payment under the Agreement by reason of a default.
2. The Guarantor agrees not to pledge, hypothecate, mortgage, sell or otherwise transfer any of the Guarantor's assets without the prior written consent of the Lender.
3. To the extent permitted by law, the Guarantor waives all defenses, counterclaims or offsets that are legally available to the Guarantor with respect to the payment of the Debt of the Debtor.
4. The Lender is hereby authorized at any time, in its sole discretion and without notice, to take, change, release or in any way deal with any security securing the Debt without in any way impairing the obligation of the Guarantor.
5. The Lender will be under no obligation to collect or to protect any such security or the Debt, and its neglect or failure to collect or protect the security or the Debt is excused. Acceptance of the Guarantee is waived.
6. The Lender may grant extensions of time or other indulgences and otherwise deal with the Debtor and with other parties and securities as the Lender may see fit without in any way limiting or lessening the liability of the Guarantor under this Agreement.
7. Any impairment of the security, which the Lender may from time to time hold as security for the Debt, will in no way operate to discharge the Guarantor in whole or in part, it being specifically agreed that the Lender is not required to exercise diligence to enforce its rights against the Debtor.
8. The Lender may release, surrender, exchange, modify, impair or extend the periods of duration or the time for performance or payment of any collateral securing the obligations of the Debtor to the Lender, and may also settle or

5

compromise any claim of the Lender against the Debtor or against any other person or corporation whose obligation is held by the Lender as collateral security for any obligation of the Debtor or the Lender.

9. This Guarantee is for the use and benefit of the Lender, and will also be for the use and benefit of any subsequent Lender to whom the Lender may assign this Guarantee.

10. The liability of the Guarantor will continue until payment is made of every obligation of the Debtor now or later incurred in connection with the Debt and until payment is made of any loss or damage incurred by the Lender with respect to any matter covered by this Guarantee or any of the Agreement.

11. The Guarantor further waives all rights, by statute or otherwise, to require the Lender to institute suit against the Debtor and to exercise diligence in enforcing this Guarantee or any other instrument.

12. Any and all present and future debts and liabilities of the Debtor to the Guarantor are postponed in favor of and subordinated to the full payment and performance of all present and future debts and obligations of the Debtor to the Lender. Upon any default by the Debtor under the Agreement, all present and future indebtedness of the Debtor to the Guarantor is hereby assigned to the Lender and any monies thereafter received by the Guarantor from the Debtor will be received in trust for the Lender and upon receipt are to be paid over to the Lender until such time as the Debt owed by the Debtor has been fully paid and satisfied.

13. The Guarantor represents that at the time of the execution and delivery of this Guarantee nothing exists to impair the effectiveness of this Guarantee.

14. All of the Lender's rights, powers and remedies available under this Guarantee and under any other agreement in force now or anytime later between the Lender and the Guarantor will be cumulative and not alternative and will be in addition to all rights, powers, and remedies given to the Lender by law or in equity.

15. The Lender may, at its option, proceed in the first instance against the Guarantor to collect the obligations covered by this Guarantee without first proceeding

against any other person, firm or corporation and without resorting to any property held by the Lender as collateral security.

16. All pronouns will include masculine, feminine and/or neuter gender, single or plural number, as the context of this Guarantee may require.
17. This Guarantee is made pursuant to the laws of the State of New York. In the event that this Guarantee must be enforced by the Lender, all reasonable costs and expenses, including attorney's fees, incurred by the Lender will be paid by the Guarantor.
18. The invalidity or unenforceability of any one or more phrases, sentences, clauses or sections in this Guarantee will not affect the validity or enforceability of the remaining portions of this Guarantee or any part of this Guarantee.
19. No alteration or waiver of this Guarantee or of any of its terms, provisions or conditions will be binding upon the Lender unless made in writing over the signature of the Lender or its representative.
20. Words of "Guarantee" contained in this Guarantee in no way diminish or impair the absolute liability created in this Guarantee.
21. Any notice to be given to the lender may be sent by mail, telephone, email or otherwise delivered to the address provided below.
Name: Clinton Kershaw
Address: PO Box 909 North Truro MA 02652
Phone:
E-mail: clinttruro@gmail.com

**IN WITNESS WHEREOF** the Guarantor has duly affixed their signature under hand and seal, this 14th day of April, 2020.

**SIGNED, SEALED, OR ATTESTED**

in the presence of:

7

_____       4.14.2020
A NOTARY PUBLIC IN AND FOR
THE STATE OF NEW YORK

My commission expires on the _____ day of
_____, 20_____

## CERTIFICATE OF NOTARY PUBLIC

I, Melissa Torres, a Notary Public in and for the State of New York, DO HEREBY CERTIFY that Clinton Henshaw + Matthew Ward, personally known to me (or satisfactorily proven) to be the same person whose name is subscribed to the foregoing Guarantee, appeared before me this day in person, and acknowledged that he/she signed, sealed and delivered the said instrument as his/her free and voluntary act, for the uses and purposes set forth in this Guarantee.

Given under my hand and notarial seal this 14 day of April, 2020

_____
Notary Public

My Commission Expires: 5/26/2023

MELISSA A. TORRES
Notary Public, State of New York
Reg. No. 01TO6325533
Qualified in Orange County
Commission Expires 05/26/2023

8